UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION


COMERICA BANK,

                    Plaintiff,

vs.                                   Case No. 2:10-cv-126-FtM-29SPC

ANDREW HILL; ANDREW HILL INVESTMENTS
ADVISORS, INC.; JENNIFER FIGURELLI,

                    Defendants.
_____


**OPINION AND ORDER**

This matter comes before the Court on Plaintiff's Motion for Preliminary Injunction (Doc. #18) filed on June 11, 2010. Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction (Doc. #24) was filed on July 15, 2010. Also before the Court is defendants' Motion for Extension and Enlargement of Time in Which to File Defendants' Response. (Doc. #23.) That motion is granted, and defendants' Opposition is deemed timely filed.

Plaintiff Comerica Bank (Comerica) seeks a preliminary injunction to enforce a non-solicitation agreement between it and two former employees, Andrew Hill (Hill) and Jennifer Figurelli (Figurelli). All parties agree that the Wealth & Institutional Management Non-Solicitation Agreements (the Agreements) signed by defendants prohibit either defendant, for a period of two years after termination, from:

> Contact by any means any customer or prospective customer of Comerica whose name became known to him during his employment with Comerica for the purpose of inviting, encouraging or requesting any customer or prospective customer, or otherwise inducing or attempting to induce any customer or prospective customer, to transfer its business from Comerica to him or any other entity, open a new account with him or any other entity, or otherwise withdraw, curtail or discontinue such customer's patronage or business relationship with Comerica; . . .

(Doc. #18-1, pp. 5-13.) Each Agreement contained an exception for certain identified pre-existing clients which the individual defendant had serviced prior to coming to Comerica. (Id. at p. 2-3.) Comerica agrees that the Agreement does not prohibit direct competition by defendants against Comerica, or soliciting the pre-existing clients who are named in the Agreement. Rather, Comerica seeks an injunction prohibiting both defendants from soliciting clients they developed while employed by Comerica. The Agreements specifically provide for injunctive relief if the employee breaches any of the Agreement's covenants. (Id. at p. 6, ¶ 2; p. 10, ¶ 2.)

In the Eleventh Circuit, issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [the] burden of persuasion on each of [four] prerequisites." SunTrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). See also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that

outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest. Suntrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publ'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994). The burden of persuasion for each of the four requirements is upon the movant. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

A federal court sitting in diversity applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). Here, the law of Florida is applicable. Under Florida Statute § 542.335, "[r]estrictive covenants are valid if reasonable in time, area and line of business, set forth in a writing signed by the party against whom enforcement is sought, and the contractually specified restraint is supported by at least one legitimate business interest justifying the restraint, and reasonably necessary to protect that interest." Envtl. Servs., Inc. v. Carter, 9 So. 3d 1258, 1263 (Fla. 5th DCA 2009).

A preliminary injunction is not available under the Agreement unless the employee breaches one of the covenants in the Agreement. (Doc. #18, p. 6, ¶ 2; p. 10, ¶ 2.) To establish a breach of the non-solicitation provision of the Agreement by either individual

defendant, Comerica must establish (1) contact by defendant(s) by any means, (2) with any customer or prospective customer of Comerica (with specific exceptions) whose name became known to him or her during his or her employment with Comerica, (3) for the purpose of inviting, encouraging, requesting or otherwise inducing or attempting to induce any customer or prospective customer to: (a) transfer its business from Comerica to defendant(s) or any other entity, (b) open a new account with defendant(s) or any other entity, or (c) otherwise withdraw, curtail or discontinue such customer's patronage or business relationship with Comerica.

The sole evidence of a breach of the non-solicitation provisions by either defendant is set forth in the Declaration of Angela Mastrofrancesco. (Doc. #18-1.) This Declaration states after Hill and Figurelli resigned, Ms. Mastrofrancesco contacted some protected clients and was informed that the clients already knew of the defendants' departure from Comerica and their new business. (Id. at ¶ 11.) Ms. Mastrofrancesco also states that these clients requested to transfer their accounts to Hill's new company or a company affiliated with defendants. (Id.) In some cases, Figurelli notified Ms. Mastrofrancesco of the pending requests/transfers. (Id.) Additionally, some of the protected clients have actually terminated some or all of their business relationships with Comerica and transferred their business to defendants of the affiliated company. (Id.) From these

circumstances, Comerica infers that defendants have breached the non-solicitation provision of the Agreement.

Defendants respond with affidavits from themselves and Richard Kozad and Larry Davis, as well as a deposition transcript of Curtis Casner. The central thrust of these documents is that defendants did not make the initial contact with Comerica's clients and did not solicit business from these clients, but rather accepted the business after the clients made the decisions to transfer the business for their own individual reasons. Who made the initial contact is not determinative under Florida law if the defendant is proactive. Envtl. Servs., Inc., 9 So. 2d at 1266-67, (citing Scarbrough v. Liberty Nat'l Life Ins. Co., 872 So. 2d 283, 285 (Fla. 1st DCA 2004)). However, the evidence presented to the Court at this stage of the proceedings does not establish a substantial likelihood that plaintiff will prevail on its claim that defendants' contacts with the clients constituted an improper solicitation. Therefore, a preliminary injunction will be denied.

Accordingly, it is now

**ORDERED:**

1. Defendants' Motion for Extension and Enlargement of Time in Which to File Defendants' Response (Doc. #23) is **GRANTED,** and defendants' Response is deemed timely.

2. Plaintiff's Motion for Preliminary Injunction (Doc. #18) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __21st__ day of July, 2010.

JOHN E. STEELE
United States District Judge

Copies:
Counsel of record